UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dennis Adkins, et al. | ) | Judge Robert W. Gettleman |
| Plaintiffs, | ) | Case No. 12-cv-2871 |
| v. | ) | CONSOLIDATED WITH: |
| Nestle Purina PetCare Company, et al., | ) | Case No. 12-cv-880 (D. Conn) |
| Defendants. | ) | Case No. 12-cv-4785 (N.D. Cal.) |
| | ) | Case No. 12-cv-4774 (N.D. Cal.) |
| Faris Matin, et al. | ) | Case No. 13-cv-1512 |
| Plaintiffs, | ) | |
| v. | ) | |
| Nestle Purina PetCare Company, et al., | ) | |
| Defendants. | ) | |
| Rosalinda Gandara, et al. | ) | Case No. 13-cv-4159 |
| Plaintiffs, | ) | |
| v. | ) | |
| Nestle Purina PetCare Company, et al., | ) | |
| Defendants. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, APPROVAL OF PROPOSED FORM OF NOTICE,
AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

WHEREAS, Plaintiffs Dennis Adkins, Maria Higginbotham, Mary Ellis, Dwayne Holley, Kaiya Holley, Deborah Cowan, Barbara Pierpont, Cindi Farkas, Terry Safranek, Elizabeth Mawaka, Robin Pierre, Jill Holbrook, Mary Ellen Deschamps, Tracy Bagatta, Hal Scheer, S. Raymond Parker, Kristina Irving, Kathleen Malone, Jeannie Johnson, Rebel Ely, Rita DeSollar,

Faris Matin, Rosalinda Gandara, and Felicita Morales (collectively, "Plaintiffs"), and Defendants Nestle Purina PetCare Company ("Nestle Purina") and Waggin' Train, LLC ("Waggin' Train") (collectively, "Defendants," and with Plaintiffs, the "Parties") in the above-captioned litigation (the "Actions"), having applied pursuant to Federal Rule of Civil Procedure 23(e) for an Order preliminarily approving the proposed settlement of the Actions in accordance with the Amended Stipulation of Class Action Settlement entered into on May 28, 2014, and amended on October 28, 2014 ("the Agreement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Actions between the Parties and for dismissal of the Actions upon the terms and conditions provided in the Agreement;

WHEREAS, the Agreement contemplates certification by this Court of a Class solely for settlement purposes; and

WHERAS, the Court having considered the Agreement and all Exhibits thereto.

NOW, THEREFORE, this 28th day of October 2014, upon application of the parties, **IT IS HEREBY ORDERED** that:

Preliminary Approval and Certification of the Settlement Class

1. This Order incorporates herein, and makes a part hereof, the Agreement, its definitions, and its Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.

2. The Court does hereby preliminarily approve the Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. The Court preliminarily finds that the proposed Settlement Class meets all of the applicable requirements under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. This Court hereby certifies the following Class for settlement purposes only:

> All persons and entities who purchased, used or obtained, or whose pets used or consumed a Dog Treat Product. The Settlement Class does not include Released Entities,

as well as any judicial officer presiding over the Actions, or their immediate families. The Settlement Class also will exclude those Settlement Class Members who have properly opted out of the Settlement Class.

4. The Class Representatives, as set forth in Agreement, Section I.K, are conditionally appointed as representatives of the Settlement Class, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Edelman Combs Latturner & Goodwin LLC ("Edelman Combs") are conditionally appointed as Co-Lead Class Counsel.

5. Entry of this Order is without prejudice to the rights of: (a) Defendants to oppose certification in the Actions, and seek decertification or modification of the Settlement Class as certified, should the settlement not be approved or implemented for any reason; or (b) the Parties to terminate the Agreement as provided in the Agreement.

## Final Approval Hearing; Right to Appear and Object

6. A hearing on final settlement approval (the "Final Approval Hearing") will be held on June 23, 2015 at 10 a.m. before the Honorable Robert W. Gettleman or other judge sitting in his stead, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1703, Chicago, IL 60604, to consider, *inter alia*, the following:

(a) whether the preliminary certification of the Settlement Class defined herein should be made final;

(b) whether the Agreement and the terms and conditions of settlement are fair, reasonable, adequate, and in the best interests of the Settlement Class;

(c) whether the proposed Notice Plan, as approved herein below, constitutes reasonable and the best practicable notice reasonably under the circumstances;

   (d)  whether this Court should enter an Order and Final Judgment dismissing with prejudice the Actions, pursuant to the Agreement;

   (e)  whether the Court should permanently enjoin the assertion of any Released Claims against any of the Released Entities by Members of the Settlement Class or any other Releasing Parties;

   (f)  whether any application for attorneys' fees, expenses, costs, and Class Representative awards should be granted;

   (g)  any objections to the Agreement that may be submitted by Settlement Class Members; and

   (h)  any other matters as the Court may deem appropriate.

  7.  Plaintiffs' Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any application for an award of attorneys' fees and expenses on or before April 24, 2015, and any reply brief in support thereof, on or before June 9, 2015.

  8.  Any Member of the Settlement Class who or that has not properly filed a request to Opt Out in the manner set forth below may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the Actions, the entry of final judgment, and/or an application for attorneys' fees or expenses; provided, however, that no person shall be heard in opposition to the Agreement, dismissal and/or entry of final judgment or an application for attorneys' fees or expenses, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served upon Co-Lead Class Counsel and Defendants' Counsel in accordance with Section IV.G of the Agreement and as set forth in

paragraph 9 below.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Co-Lead Class Counsel and Defendants' Counsel on or before May 25, 2015 (the "Objection Date").  Persons who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

9. Pursuant to Section VII.M of the Agreement, counsel for the Parties entitled to service of documentation described above are as follows:

> Co-Lead Class Counsel
>
> Rachel L. Jensen
> Stuart A. Davidson
> Phong L. Tran
> **ROBBINS GELLER RUDMAN & DOWD LLP**
> 655 West Broadway, Suite 1900
> San Diego, California 92101
>
> Defendants' Counsel
>
> Craig A. Hoover
> E. Desmond Hogan
> Miranda L. Berge
> **HOGAN LOVELLS US LLP**
> 555 Thirteenth Street, NW
> Washington, DC 20004

10. The date and time of the Final Approval Hearing shall be set forth in the Notice, but shall be subject to change by the Court without further notice to the Members of the Settlement Class other than that which may be docketed by the Court, on the Court's website, and/or the settlement website.

11. The Court may approve the Settlement at or after the Final Approval Hearing with such modification(s) as may be consented to by the Parties to the Agreement and without further notice to the Settlement Class and Defendants.

## Form and Timing of Notice

12. On or before December 12, 2014 (the "Notice Date"), class notice as described in the proposed Notice Plan provided in Exhibit 3 to the Agreement and proposed Notices in Exhibits 4, 5, and 6, individual and published class shall commence and be as follows:

    (a)     Individual Notice

        (i)     Individual notice shall be made by the Claims Administrator of all putative Settlement Class Members that can be identified by reasonable effort through review before Preliminary Approval of records of Defendants Nestle Purina and Waggin' Train and Class Counsel. Defendants and Class Counsel, shall within twenty (20) calendar days of entry of the Preliminary Approval Order, provide to the Claims Administrator lists in computer readable format, of the applicable names and mailing addresses, for individual putative Settlement Class Members within Defendants' and Class Counsel's possession. Such information shall be provided to and maintained by the Claims Administrator on a confidential basis and shall not be shared with any other Party.

        (ii)     Individual notice shall be by email where Defendants or Class Counsel actually possess the email address of a putative Settlement Class Member or his, her, or its counsel. The Claims Administrator shall provide notice by way of postcard substantially in the form of Exhibit 4 to any putative class member for whom Defendants or Class Counsel do not possess an email address or for any putative Settlement Class Member whose email notification is returned as undeliverable.

(iii) After the mailing has been completed, the Claims Administrator shall each certify to the Court the number of putative Settlement Class Members to whom individual notice was provided, the manner in which it was provided, and the pertinent information regarding changes of address and reissuance of notices. Such certification shall be submitted to the Court as part of Plaintiffs' motion for final approval on or before April 24, 2015.

(b) Published Notice

(i) The Claims Administrator shall cause the Short Form Notice substantially in the form of Exhibit 5 to be published in two consecutive editions of *People Magazine* and an edition of *Sports Illustrated*.

(ii) Prominent internet banner notices will be displayed on a variety of websites purchased on the *Conversant* ad network which represents over 9,600 digital properties across all major content categories. Banners will also be placed on websites such as *Facebook*, *MSN* and *Yahoo!* It is estimated that the banners ads will result in hundreds of millions of impressions (unique instances in which the banner ad is displayed for view).

(iii) Mobile banners will be purchased through *Greystripe*, a mobile network serving digital banners across over 9,500 properties within multiple categories including Auto, Lifestyle, Entertainment, Technology, Health, Finance and more. It is estimated that the mobile banners ads will result in over ten million impressions.

(iv) A link to the settlement website established by the Claims Administrator shall also appear on the websites of Class Counsel and of Defendant Waggin' Train and Nestle Purina PetCare Company no later than the Notice Date through the Effective Date of the Settlement, as defined in the Agreement. The Long Form Notice substantially in the Form of Exhibit 6 shall be available on the settlement website and provided to any Settlement

Class Member who requests a copy. Sponsored search ads will be bought across the three most highly-visited Internet search engines in the United States: Google, Yahoo!, and Bing, so that consumers searching for more information about the settlement are specifically directed to the link to the settlement website.

    (v)  The Publication Notice will also be provided to the American Veterinary Association, the American Board of Veterinary Practitioners, and the American College of Veterinary Internal Medicine, which shall have the option of distributing the Publication Notice to its veterinarian members.

    (c)  The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid in accordance with the applicable provisions of the Agreement.

  13.  The Court finds that the forms and manner of notice as set forth in paragraph 12 and approved herein meet the requirements of due process under Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional due process requirements of notice. The Court approves the Notice Plan in all respects and Orders that notice be given in substantial conformity therewith.

  14.  The Court appoints Epiq Systems, Inc. ("Epiq"), as the Claims Administrator. Responsibilities of the Claims Administrator include the following: (a) disseminating notice to the Settlement Class; (b) certifying to the Court that notice was published; (c) certifying the dates that notices to the Settlement Class were actually published by each newspaper, periodical, or other sources, provide a true copy of each notice in each publication, and provide any other information relevant to the publication and mailing of the notice; (d) establishing a website for purposes of posting the notice, Settlement Agreement, and related documents; (e) accepting and maintaining

documents sent from Settlement Class Members, including claim forms, requests to Opt Out, and other documents relating to claims administration; (f) administering claims for the payments from the Settlement Fund to Settlement Class Members, in accordance with the terms of the Settlement Agreement; and (g) all other responsibilities designated to the Claims Administrator in the Agreement.

<u>Ability of Settlement Class Members to Opt Out of Settlement Agreement</u>

15. Any Member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail or shall have his or her counsel mail a written request to Opt Out to the Claims Administrator, to be received on or before February 10, 2015 (the "Opt-Out Deadline"), and shall clearly state the following: the name, address, telephone number, and signature of the individual or entity that wishes to be excluded from the Settlement Class.

16. Settlement Class Members who submit valid, timely, and complete requests to Opt Out shall not be bound by the Settlement Agreement or the Final Order and Judgment.

17. The initial determination that each request to Opt Out by a Settlement Class Member complies with the Opt Out procedures in the Agreement will be made by the Claims Administrator and is subject to final approval by the Court, as part of the Final Approval of the Agreement. The Court may disallow any request for exclusion that fails to comply with the provisions of this Preliminary Approval Order or the Opt Out procedures otherwise approved by the Court.

18. Any Member of the Settlement Class who does not timely mail a valid request to Opt Out as set forth in paragraph 15 above shall be automatically included in the Settlement Class, and if the Settlement is approved, shall be bound by all the terms and provisions of the Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such Member of the Settlement Class shall have objected to the Settlement

and whether or not such Member of the Settlement Class makes a claim upon or participates in the Settlement Fund.

## Submission of Claims

19. Settlement Class Members who wish to receive reimbursement under the Agreement must accurately and timely submit a Claim Form to the Claims Administrator in accordance to the instructions set forth therein. All Claim Forms by Settlement Class Members must be initially submitted to the Claims Administrator on or before April 1, 2015 (within one-hundred ten (110) days after the Notice Date ("Claims Deadline")). Any claims submitted to the Claims Administrator thereafter shall be forever barred. However, the Claims Administrator may, in its discretion, permit a Settlement Class Member who makes a timely Claim to remedy deficiencies in such Settlement Class Member's Claim Form or related documentation. Any Settlement Class Member who does not submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but shall nevertheless be bound by any final judgment entered by the Court. On or before April 24, 2014, the Claims Administrator shall certify to the Court the total number of claims received and amounts claimed, and shall provide such other updates to the Court regarding claims submissions as the Court may request in connection with Final Approval.

## Other Provisions

20. All proceedings in the Actions, except any matters necessary to implement, advance, or further the Agreement or settlement process, are hereby stayed and suspended until further order of this Court.

21. No discovery with regard to the Settlement or Agreement shall be permitted as to any of the Parties to the Agreement other than as may be directed by the Court upon a proper

10

showing by the party seeking such discovery by motion properly noticed and served in accordance with the applicable rules of this Court.

22. This Order bars and enjoins all Settlement Class Members from commencing or prosecuting any action asserting any Released Claims, and stays any actions or proceedings brought by any Member of the Settlement Class asserting any Released Claims as of three (3) days after the date of this Order.

23. Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity, shall file or shall have his or her counsel file, commence, prosecute or continue against any or all of the Released Entities, any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the event of Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. In the event of Final Approval, all Settlement Class Members except those persons found by this Court to have validly excluded themselves from the Settlement shall be forever enjoined and barred from:

(a) Filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities or against any person or entity who may claim over against any Released Entity for contribution or indemnity;

(b) Instituting, continuing, maintaining, organizing class members in, or joining with class members in, intervening in, or receiving any benefits from any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over against any

11

Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims;

    (c) Filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding, or order in any jurisdiction based on an allegation that an action taken by the Released Entities, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any Settlement Class Member; and

    (d) Filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class representatives, members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based upon or related to any Released Claim against any person or entity who is, has been, could have been, or could be alleged to be a joint-tortfeasor, co-tortfeasor, co-conspirator, or co-obligor with any Released entity based upon or related to any Released Claim.

  24. Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular Member of the Settlement Class shall be confidential and shall not be disclosed by the Claims Administrator to any other Settlement Class Member or their counsel.

  25. In the event of Final Approval, each and every term and provision of the Agreement (except as modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

  26. In the event the Settlement is terminated in accordance with the provisions of the Agreement, the Settlement and all proceedings had in connection therewith, including the certification of the Settlement Class and appointment of class representatives for settlement

purposes only, shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the *status quo ante* rights of Parties and Released Entities. Neither this Order nor the Agreement, nor any negotiations, statements, communications or proceedings in connection therewith, shall be offered or received as, construed as, or be deemed to constitute any evidence of, an admission or concession by any Released Entity of any liability or wrongdoing by them, or that the claims and defenses that have been asserted in the Actions. The certification of the Settlement Class shall not be treated as the adjudication of any fact or issue for any purpose other than this Agreement and shall not be considered as law of the case, *res judicata*, or collateral estoppel in any other proceeding. Until and unless the Agreement reaches the Effective Date, the certification of the Settlement Class shall not be treated as the adjudication of any fact or issue and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this proceeding, the certification of the Settlement Class shall not be treated as the adjudication of any fact or issue and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this proceeding.

27. Defendants may communicate with Settlement Class Members regarding the provisions of this Agreement, so long as such communications are not inconsistent with Class Notice or other agreed upon communications concerning the Agreement. The Released Entities may refer Settlement Class Members to the Claims Administrator, the toll free number, and the settlement website. Defendants will not discourage the filing of any claims allowed under Section II of the Settlement Agreement. Released Entities that have been reimbursing potential Class Members may continue to do so if necessary to complete claims and Released Entities also may encourage those persons to participate in the Settlement that is the subject of the Agreement. In addition, Defendants may continue to communicate with their customers, business contacts, and

members of the public in the ordinary course of business without need to submit the communication to the Court for approval.

28. The Court may enter its Order and Judgment approving the Settlement and dismissing the Actions on the merits and with prejudice regardless of whether it has approved the plan of distribution or awarded attorneys' fees and expenses.

29. In accordance with the Agreement, Defendants will transfer or cause to the transferred the Settlement Amount into the Escrow Account within ten (10) business days of the Court's entry of this Order.

30. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

31. The Court may alter the time or the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 6 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

SO ORDERED this 28th day of October, 2014.

*Robert W. Gettleman*

The Honorable Robert W. Gettleman
United States District Judge