UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Dennis Adkins, et al. | Judge Robert W. Gettleman |
| Plaintiffs, | Case No. 12-cv-2871 |
| v. | CONSOLIDATED WITH: |
| Nestle Purina PetCare Company, et al., | Case No. 12-cv-880 (D. Conn) |
| | Case No. 12-cv-4785 (N.D. Cal.) |
| | Case No. 12-cv-4774 (N.D. Cal.) |
| Defendants. | |
| | |
| Faris Matin, et al. | Case No. 13-cv-1512 |
| Plaintiffs, | |
| v. | |
| Nestle Purina PetCare Company, et al., | |
| Defendants. | |
| | |
| Rosalinda Gandara, et al. | Case No. 13-cv-4159 |
| Plaintiffs, | |
| v. | |
| Nestle Purina PetCare Company, et al., | |
| Defendants. | |

**ORDER APPROVING CLASS ACTION SETTLEMENT, CERTIFYING
SETTLEMENT CLASS AND DIRECTING ENTRY OF FINAL JUDGMENT**

A hearing having been held before this Court on June 23, 2015, pursuant to the Court's

Order Granting Preliminary Approval of Class Action Settlement, Approval of Proposed Form of

Notice, and Preliminary Certification of Settlement Class (the "Preliminary Approval Order") of

October 28, 2014, upon a Stipulation of Class Action Settlement dated May 28, 2014, and

- 1 -

amended on October 28, 2014 ("the Agreement"), entered in relation to the above-captioned litigation (the "Actions"); it appearing that due notice of said hearing has been given in accordance with the Preliminary Approval Order and that said notice was adequate and sufficient and in accordance with the Court's Preliminary Approval Order; the represented parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and having considered the terms of the proposed Settlement as set forth in the Agreement, a copy of which has been submitted to the Court, and having reviewed and considered the applications of Plaintiffs' Counsel for an award of attorneys' fees and expenses, and having considered all of the submissions and arguments with respect to the Settlement, the Court makes the following FINDINGS:

    A.    This Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. §1332, and all acts within the Action, and over all the parties to the Action, and all members of the Settlement Class.

    B.    This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the Agreement, including the Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

    C.    Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order.  Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice

practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.

D. A full opportunity was afforded to the Settlement Class Members to participate in, comment on, Opt Out and/or object to the Settlement, notice, and claims procedure. A list of those Members of the Settlement Class who have timely elected to Opt Out of the Settlement and the Settlement Class and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, this Order, and the Judgment to be entered by the Clerk of Court hereon, has been submitted to the Court as an exhibit to the declaration of the Claims Administrator filed on April 24, 2015, and incorporated by reference. (Doc. 220-1, PageID 3952.) All other members of the Settlement Class (as permanently certified below) shall be subject to the all of the provisions of the Settlement, this Order, and the Judgment to be entered by the Clerk of Court.

E. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the Settlement, has been advised of any and all objections to the Settlement, and has given fair consideration to such objections.

F. The Settlement, as provided for in the Agreement, is in all respects fair, reasonable, adequate, and proper and in the best interests of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Settlement Class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the

Settlement Fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996).

G. The bar order provision of this Order, which prohibits the assertion of claims against the Released Parties, as set forth below, is a condition of the Settlement and a significant component of the consideration afforded to the Released Entities in the Settlement, and that provision is reasonable under the circumstances.

H. The dismissal with prejudice and entry of Judgment contemplated by the Agreement and this Order will dispose of all of the claims at issue by the Class Representatives and all Settlement Class Members against all Defendants, provided that the claims of those Settlement Class Members who elected to opt out of the Settlement Class are dismissed without prejudice. The Court finds that there is no just reason for the delay in entering judgment in the form attached hereto (the "Judgment") dismissing the Actions with prejudice as to all Defendants and that entry of the Judgment to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

On the basis of the foregoing findings and the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED:

<u>Certification of the Settlement Class and Approval of the Settlement</u>

1. Based on the record before the Court, including all submissions in support of the Agreement, objections, and responses thereto, as well as the Settlement set forth in the Agreement, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed Settlement. The Settlement Class is certified under the applicable provisions of Federal Rule of Civil Procedure 23(a) and 23(b)(3). Specifically, this Court finds that, with regard to the proposed Settlement

Class, Rule 23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Plaintiffs' claims are typical of the claims of members of the Settlement Class; and (4) Settlement Class Counsel and the Class Representatives have fairly and adequately protected the interests of the Settlement Class.[1]  Furthermore, with regard to the proposed Settlement Class, Rule 23(b)(3) is satisfied in that issues of law and fact that are common to the Settlement Class predominate over those affecting individual Settlement Class members and a class action is the superior method to adjudicate these claims. The Actions are permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All persons and entities who purchased, used or obtained, or whose pets used or consumed a Dog Treat Product.  The Settlement Class does not include Released Entities, as well as any judicial officer presiding over the Actions, or their immediate families.

Dog Treat Products means any dog treat product imported from China or dog treat product containing any ingredient imported from China and sold under the "Waggin' Train" and "Canyon Creek Ranch" brand names, including the Dog Treat Products listed in Exhibit 2 to the Agreement.  This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendants that the Actions, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.  Entry of this Order is without prejudice to the rights of Defendants to (a) oppose certification in the Actions, and seek decertification or modification of the Settlement Class as certified, should the Settlement not be approved or implemented for any reason; or (b) terminate the Agreement as provided in the Agreement.  The persons identified on the list

---

[1]  The Court notes that because certification is for settlement purposes only, and not for litigation purposes, the Court need not consider whether the case, if tried, would present intractable manageability problems.

submitted to the Court as having timely and properly opted out from the Settlement and the Settlement Class (Doc. 220-1, PageID 3952) are hereby excluded from the Settlement Class and they shall not be entitled to any of the monetary benefits afforded to the Settlement Class under the Agreement.

2. For purposes of the Settlement only, the Class Representatives are certified as representatives of the Class and Plaintiffs' Counsel is appointed counsel to the Settlement Class. The Court concludes that Plaintiffs' Counsel and the Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Agreement.

3. Notwithstanding the certification of the foregoing Settlement Class and appointment of Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Agreement is terminated in accordance with the provisions of the Agreement, the foregoing certification of the Settlement Class and appointment of Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of the Preliminary Approval Order, without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Agreement.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval to the Settlement and has found that the Settlement, including the plan for allocation of the net Settlement Fund to Settlement Class Members that make timely and valid claims for reimbursement, is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms and provisions of the Agreement, as well as the terms and provisions hereof.

Release and Injunctions Against Released Claims

5.      It is hereby ordered that the Releases as set forth in the Agreement shall have full force and effect.  Consequently, by entry of this Order and Judgment, each Settlement Class member shall, as set forth below, be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims that the Settlement Class members may have against the Released Parties. This Court is advised (per Docs. 226 and 226-1) that a settlement for a class of Missouri consumers was finally approved on June 2, 2015 in *Curts v. Waggin' Train LLC et al.*, No. 1316-CV02706-01 (Jackson Co. (Mo.) Cir. Ct.).  Class members in both cases could have made a claim in *Curts*, a claim under this Settlement, or both.

6.      "Released Claims" are all claims, demands, actions, suits, and/or causes of action arising on or before the Effective Date that have been brought or could have been brought, are currently pending or were pending, or are ever brought in the future, by any Settlement Class Member against Nestle Purina, Waggin' Train, or any Released Entity, in any forum in the United States (including any forum in which a United States Court sits), whether known or unknown, suspected and unsuspected, ripe and contingent, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that relate in any way, directly or indirectly, to products, facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised or that could have been raised by any Settlement Class Member in the Actions.  For purposes of the Agreement, "Released Claims" do not include any personal injury claims arising from human consumption of the Dog Treat Products, or for any claims for breach of the Agreement, nor any claims, demands, actions, suits, or causes of action that have been brought, could have been brought, or are brought in the future by any Defendant or Released Entity against any other Defendant or Released Entity, for indemnity.

7. "Released Entities" means Defendants and any and all entities and individuals that are alleged to have handled, distributed, purchased for resale and/or redistribution, supplied, manufactured and/or sold or offered for sale any Dog Treat Products, including but not limited to each of the retailers mentioned in any of the pleadings filed in the Actions (Wal-Mart Stores, Inc. dba Sam's Club; PetSmart, Inc.; Target Corporation; Costco Wholesale Corporation; CVS Caremark Corporation dba Caremark Advanced Technology Pharmacy, LLC and CVS Pharmacy, Inc.; Walgreen Company; Pet Supplies Plus of Connecticut XI, LLC; Rite Aid Corporation; BJ's Wholesale Club, Inc.; and Stater Bros. Markets, Inc.), as well as their respective insurers, parent companies, subsidiaries, affiliates, and all of their respective franchisees, and the officers, directors, trustees, shareholders, unit holders, partners, governors, managers, employees, agents, assignees, successors and heirs, members, and all individuals and entities subject to potential liability by or through the actions or inactions of any of the foregoing and all individuals or entities who, by or through their actions or inactions potentially subject any of the foregoing to liability any and all of them. The inclusion of any entity that is not a Party to the Agreement in the foregoing list of Released Entities shall not constitute a waiver of any defenses any such entity has as to improper service or lack of personal jurisdiction.

8. All Releasing Parties are permanently enjoined from:

(A) Filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities or against any person or entity who may claim over against any Released Entity for contribution or indemnity;

(B) Instituting, continuing, maintaining, organizing class members in, or joining with class members in, intervening in, or receiving any benefits from any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over against any Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims;

(C) Filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding, or order in any jurisdiction based on an allegation that an action taken by the Released Entities, which is in compliance with the provisions of the Agreement, violates any legal right of any Settlement Class Member; and

(D) Filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class representatives, members or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based upon or related to any Released Claim against any person or entity who is, has been, could have been, or could be alleged to be a joint-tortfeasor, co-tortfeasor, co-conspirator, or co-obligor with any Released Entity based upon or related to any Released Claim.

9. In addition to the above, the Releasing Parties and each of them are deemed to have agreed and covenanted not to sue or prosecute, institute or cooperate in the institution, commencement, filing or prosecution of any suit or proceeding in any forum against any Released Entity, or against any other person or entity who may claim contribution or indemnity from or against any Released Entity, based upon or related to any Released Claim.

10. Upon entry of this Order and Judgment, each of the Released Entities shall be deemed to have fully, finally, and forever released, discharged, and extinguished all Plaintiffs, Plaintiffs' Counsel, and all members of the Settlement Class, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents, members, and all individuals and entities subject to potential liability by or through the actions or inactions of any of the foregoing and all individuals or entities who, by or through their actions or inactions potentially subject any of the foregoing and to liability any and all of them, each of the foregoing solely in their capacity as such, and the ancestors, spouses, descendants, predecessors, successors, heirs, and assigns of each, from all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims; provided, however, that such release does not include claims for breach of the Agreement, nor does it include all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of the Agreement or orders or judgments issued in connection with the Settlement.

11. In addition to the Release provided in Paragraph 6, upon entry of this Order and Judgment, each of the Releasing Entities shall be deemed to have fully, finally, and forever released, discharged, extinguished, all Defendants and any entity formerly named as a defendant in the Actions, Defendants' Counsel, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents, members, and all individuals and entities subject to potential liability by or through the

actions or inactions of any of the foregoing and all individuals or entities who, by or through their actions or inactions potentially subject any of the foregoing to liability any and all of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims based upon or arising out of the institution, prosecution, assertion, defense, settlement, and/or resolution of the Actions or the Released Claims; provided, however, that such release does not include claims for breach of this Agreement, nor does it include all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of the Agreement or orders or judgments issued by the Court in connection with the Settlement.

12. With respect to all Released Claims, the Releasing Parties and each of them agree that they are expressly waiving and relinquishing, to the fullest extent permitted by federal law, state law, foreign law or principles of common law, any rights that may have the effect of limiting the releases set forth in that paragraph. The agreement reflected in this paragraph shall include a waiver of any rights pursuant to Section 1542 of the California Civil Code and any similar, comparable or equivalent provision. California Civil Code Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding Section 1542 of the California Civil Code, or any other statute or rule of law of similar effect, the Agreement shall be given full force and effect according to each and all of its expressed terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from or are in any way connected with, the Actions. All Parties to the Agreement, and each of them, may hereafter discover claims or facts in addition to or different from those which they now know or believe to

exist with respect to the subject matter of the releases that, if known or suspected at the time of executing the releases, may have materially affected the settlement reflected in the Agreement. Nevertheless, all Parties to the Agreement are held to have waived any right, claim or cause of action that might arise as a result of such different or additional claims or facts. All Parties to the Agreement are held to have been advised specifically by their legal counsel of the effect of this waiver, and they expressly acknowledge that they understand the significance and consequence of this expressed waiver of California Civil Code § 1542 and any similar, comparable or equivalent provision.

13. If any Releasing Party sues any Released Entity for any of the Released Claims, the sued Released Entity shall, in addition to any and all other remedies, recover his, her or its reasonable costs and attorneys' fees incurred in defending such suit and/or in seeking to enforce the injunctions in this Section and in the Court's Preliminary Approval Order and Final Approval Order, provided that: (1) the Court determines that the action is brought by a Releasing Party against a Released Entity and asserts Released Claims; (2) the sued Released Entities first give written notice via email or overnight mail (with delivery tracking available), along with a copy of the Agreement, the Court's signed Final Approval Order and Judgment, and the Long-Form Notice, notifying the suing Releasing Party or their counsel that he/she/it is suing for Released Claims, and give the Releasing Party fourteen (14) calendar days from the date of receipt within which to dismiss the Released Claims (the "Cure Period"); and (3) the Cure Period has lapsed. Nothing in this section, however, shall prohibit a Releasing Party from seeking a dismissal and/or moving the Court to enforce the injunctions in its Preliminary Approval Order or Final Approval Orders before the lapse of the Cure Period. In no event will a Released Entity be

entitled to an award of attorneys' fees or costs from an unrepresented or pro se Releasing Party by force of and under Section V.H of the Agreement.

## Application for Attorneys' Fees

14. Having read, heard, and considered the pleadings, declarations, exhibits submitted in connection with Plaintiffs' Counsel's Application for Award of Attorneys' Fees and Expenses, finding that the requested attorneys' fees and expenses are reasonable and supported and that Plaintiffs' Counsel are awarded $2,145,000 in attorneys' fees and expenses in the amount of $100,000, plus interest earned on both amounts, to be allocated in the discretion of Co-Lead Class Counsel. In addition, each of the Class Representatives is awarded $5,000 for his or her service to the Settlement Class. Such fees and expenses shall be paid in accordance with the Agreement, specifically Sections VII.C and D thereof, which terms, conditions and obligations are incorporated herein.

15. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage of recovery" method considering, among other things, that:

    (a) the requested fee is consistent with percentage fees negotiated in the private method for legal services;

    (b) the contingent nature of the Actions favors a fee award of 33%;

    (c) the Settlement Fund of $6,500,000 and the Quality Control, Assurance and Communication were not likely at the outset of the Actions;

    (d) the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

    (e) the quality legal services provided by Plaintiffs' Counsel produced the settlement;

    (f) the stakes of the litigation favor the fee awarded; and

(g) the reaction of the Settlement Class to the fee request supports the fee awarded.

16. The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.

<u>Other Provisions</u>

17. Neither this Order, the Agreement nor any provision therein, nor any negotiations, statements, communications or proceedings in connection therewith, including the Court's certification of the Settlement Class and appointment of Class Representatives for settlement purposes only, shall be offered or received as, construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, Plaintiffs' Counsel, any members of the Settlement Class, any Released Entity, or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious, or that Class Representatives, any member of the Settlement Class or any other person has or has not suffered any damage; *provided*, *however*, that the Agreement, this Order and the Judgment to be entered thereon may be filed in any action by any Released Entity seeking to enforce the Agreement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The terms of the Agreement and of this Order and the Judgment shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings that are subject to the Release and other prohibitions that are set forth in paragraphs 6, 8, 9, 10 and 11 of this Order that are maintained

by, or on behalf of, the Releasing Parties or any other Person subject to the provisions of this Order.

18. In the event that the Effective Date cannot occur or the Agreement is canceled or terminated in accordance with the terms and provisions of the Agreement, then this Order and the Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

19. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. In no event shall any balance of the Settlement Fund revert to Defendants. At such time as all valid Claims properly payable pursuant to the provisions of the Agreement are paid in full from the Settlement Fund by the Claims Administrator, if there is any balance remaining in the Settlement Fund after 180 days after the last check is issued, the Claims Administrator shall, if feasible, distribute such balance by way of *pro rata* payments to Settlement Class Members who submitted valid claims and who cashed their checks in an equitable and economical fashion. Thereafter, if any balance remains, the Claims Administrator shall remit that balance in equal amounts to the following charitable or non-profit organizations: UC Davis School of Veterinary Medicine and North Shore Animal League.

<u>Entry of Judgment; Continuing Jurisdiction</u>

21. The Parties to the Agreement are hereby authorized and directed to comply with and to consummate the Agreement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket the Judgment in the form attached to this Order dismissing the Actions (and any and all claims asserted herein at any time) in its entirety, as to all Defendants, with prejudice and without leave to amend, where such dismissal shall constitute a final judgment on the merits to which the principles of *res judicata* shall apply to the fullest

extent of the law as to the Released Entities identified in the Agreement and herein, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein).

22. Without affecting the finality of this Judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the Parties, including all Settlement Class Members and Releasing Parties, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement and the claims process thereunder; any application for attorneys' fees, expenses, and costs related to the Agreement; all proceedings related to the Agreement both before and after the Final Approval becomes final and is no longer subject to appeal; and over enforcement of the Final Approval Order and Judgment, including but not limited to the injunctions described in Paragraph 8.

SO ORDERED this 23rd day of June, 2015.

*Robert W. Gettleman*

The Honorable Robert W. Gettleman
cc: Service List United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Dennis Adkins, et al. | Judge Robert W. Gettleman |
| Plaintiffs, | Case No. 12-cv-2871 |
| v. | CONSOLIDATED WITH: |
| Nestle Purina PetCare Company, et al., | Case No. 12-cv-880 (D. Conn) |
| Defendants. | Case No. 12-cv-4785 (N.D. Cal.) |
| | Case No. 12-cv-4774 (N.D. Cal.) |
| Faris Matin, et al. | Case No. 13-cv-1512 |
| Plaintiffs, | |
| v. | |
| Nestle Purina PetCare Company, et al., | |
| Defendants. | |
| Rosalinda Gandara, et al. | |
| Plaintiffs, | Case No. 13-cv-4159 |
| v. | |
| Nestle Purina PetCare Company, et al., | |
| Defendants. | |

**JUDGMENT DISMISSING ALL DEFENDANTS WITH PREJUDICE**

In accordance with, and for the reasons set forth in, the Order Approving the Class Action Settlement, Certifying Settlement Class and Directing Entry of Final Judgment, entered on June 23, 2015, all claims against all Defendants named in the above-captioned actions are dismissed with prejudice as to the Class Representatives and as to all Settlement Class Members pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, provided that the claims of those

Settlement Class Members who elected to opt out of the Settlement Class are dismissed without prejudice.

Date: June 23, 2015

<u>THOMAS G. BRUTON</u>
Clerk of Court
